ROSE VAN SCOTEN AND CHARLES G. VAN SCOTEN, PLAINTIFFS-RESPONDENTS, v. FREDERICK O. LINDS-LEY, JR., DEFENDANT-APPELLANT.

Submitted January 28, 1927—Decided May 21, 1927.

Contracts—Suit to Recover Deposit Made on Sale of Property Subject to Approval—Payment Made on Sunday by Check Dated on Saturday—Plaintiff Decided Not to Take Property and Sued to Recover Deposit—Judgment For Plaintiff—Held, That Plaintiffs Had Not Made Binding Contract, Also That There Having Been a Specification of Defenses Demanded and There Being No Defense Stated Regarding the Illegality of the Contract Because of the Payment on Sunday, That Defense Cannot Now be Employed—Also That the Contract was Not Completed Until the Plaintiffs Decided to Take the Property.

On appeal from the East Orange District Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *David A. McBride*.

For the respondents, *Harry W. Lindeman*.

PER CURIAM.

Plaintiffs brought an action in the Orange District Court to recover a deposit of $500 made on a sale of property to be "subject to approval." The check dated August 22d, 1925, was handed to the defendant on Sunday, August 23d, 1925, as a result of a conversation on the preceding day. A receipt was given by the defendant on Sunday (also dated the day before), in which were the words "subject to approval of contract." The following day plaintiffs notified the defendant that they would not be able to take the property, and later demanded return of their money. The court gave judgment for the plaintiffs, and we think properly.

At the trial defendant made a motion to strike out the state of demand because the transaction took place on Sunday. The only real points are whether plaintiffs had made a binding contract to purchase from which they could not recede, and whether the court should have given judgment for defendant because the check and receipt transaction was on a Sunday.

We think the first is answered in the negative by the case of *Thompson* v. *Killheffer*, 99 *N. J. L.* 439. To the second point we think there are two answers. The first is that a specification of defenses was demanded and there was no defense alleging the illegality of the contract because made on Sunday. *Mechler* v. *Fialk*, 84 *Id.* 406; *Comp. Stat.*, *p.* 1971. The second is that there was no completed contract until the plaintiffs decided to take the property. In the meantime the deposit of the $500 was simply a step in the negotiation, and the money was held in escrow until the sale was on or off; and if the latter plaintiffs were entitled to its return. *Carter* v. *Allenhurst*, 2 *N. J. Adv. R.* 909.

The judgment will be affirmed.